**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* v. FRANCISCO LUCAS, Jr., *Defendant-Appellant.* | No. 22-50064 D.C. No. 8:21-cr-00017-JVS-1 OPINION |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 15, 2023
Pasadena, California

Filed June 14, 2023

Before: J. Clifford Wallace, Andrew D. Hurwitz, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Wallace;
Dissent by Judge Hurwitz

# SUMMARY[*]

### Criminal Law

In a case in which Francisco Lucas, Jr., pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the panel reversed the district court's sentencing order, which imposed a heightened base offense level under U.S.S.G. § 2K2.1(a)(4)(B); and remanded for resentencing on an open record.

Section 2K2.1(a)(4)(B) applies if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." Application Note 2 to § 2K2.1 defines such a firearm as one:

> that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

Because the parties assumed that Application Note 2 applies, the panel deemed waived any arguments concerning, and expressed no opinion on, whether Application Note 2 is inconsistent with the Guideline or whether § 2K2.1(a)(4)(B) is ambiguous so as to defeat resort

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to Application Note 2. The panel likewise expressed no opinion on whether the district court should address these issues on remand. Because these issues were waived, the panel applied Application Note 2 for the purposes of this appeal.

Lucas contended that the district court committed error in finding, by clear and convincing evidence, that his magazine could accept more than 15 rounds of ammunition at the time of the offense. The panel wrote that it is bound by this court's precedent that where the use of a sentencing enhancement has an extremely disproportionate impact on the sentence, due process may require that facts underlying such an enhancement be proven by clear and convincing evidence. Based on the government's concession that if the panel does not hold that precedent to be clearly irreconcilable with intervening Supreme Court authority, the panel should apply the clear-and-convincing-evidence standard here, the panel assumed without deciding that application of § 2K2.1(a)(4)(B) has an extremely disproportionate impact on Lucas's sentence and the government must prove the underlying facts by clear and convincing evidence.

The panel held that the district court clearly erred in finding, by clear and convincing evidence, that Lucas's magazine could accept more than 15 rounds, where the government did not physically produce or inspect the firearm or the magazine, and, without physical evidence, the government largely relied on its expert agent, who was, at most, equivocal.

The district court held that even if Lucas's magazine could only accept fewer than 15 rounds because of a modification, such a magazine still satisfies Application

Note 2 because the modification can potentially be removed. The panel explained that this conclusion is at odds with the plain text of Application Note 2, which is backward-looking and concerns the capabilities of the firearm and the magazine "at the time of the offense." As the government provided scant evidence that any potential modification to Lucas's magazine could have been removed *during* his illegal possession and when it was in close proximity to the firearm, the panel concluded that the district court erred in concluding that the Guideline was met.

Judge Hurwitz dissented. He wrote that if the issue were simply whether Lucas's firearm met the definition in Application Note 2 to § 2K2.1(a)(4)(B), he would join the majority opinion. But the issue is instead whether the *Guideline* itself applies. He wrote that the court must disregard the interpretive gloss set forth in the Guideline's commentary absent ambiguity in the Guideline, and § 2K2.1(a)(4)(B) is not in the least ambiguous. He wrote that the Guideline focuses only the capability of the firearm to accept a large capacity magazine, not the ability of the defendant to promptly insert one or immediately discharge ammunition from one. Noting that Lucas never contested the firearm's capability to accept the requisite magazine, and his own expert confirmed that the pistol had this capability, Judge Hurwitz wrote that the Guideline therefore allows the enhancement. Concerning waiver, he wrote that the government has always asserted that the Guideline applies.

## COUNSEL

Sonam A. H. Henderson (argued), Deputy Federal Public Defender; Cuauhtemoc Ortega, Federal Public Defender; Federal Public Defender's Office; Los Angeles, California; for Defendant-Appellant.

Bradley E. Marrett (argued), Assistant United States Attorney; Bram M. Alden, Assistant United States Attorney, Criminal Appeals Section Chief; Stephanie S. Christensen, Acting United States Attorney; Office of the United States Attorney; Santa Ana, California; for Plaintiff-Appellee.

## OPINION

WALLACE, Circuit Judge:

Francisco Lucas, Jr., pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lucas now appeals from the district court's sentencing order, which imposed a heightened base offense level under United States Sentencing Guidelines § 2K2.1(a)(4)(B). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We review the district court's selection and interpretation of the Sentencing Guidelines de novo and the district court's factual findings for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We reverse and remand.

I.

In December 2020, while on state probation, Lucas was searched by local police, who discovered photographs and videos on Lucas's cellphone depicting him with a firearm and magazine. A grand jury subsequently returned an indictment, charging Lucas with one count in violation of 18 U.S.C. § 922(g)(1) for illegal possession of a firearm as a convicted felon. Police never physically recovered the firearm or magazine. Lucas later pleaded guilty.

During sentencing, the parties disputed whether Lucas's base offense level should be increased under U.S.S.G. § 2K2.1(a)(4)(B), which applies if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." The government filed an expert report from a federal agent who reviewed the photographs and video of Lucas's contraband. The agent stated that Lucas's firearm looked like a Glock model 22, .40 caliber pistol and that Lucas's magazine looked like an extended-length magazine capable of accepting more than 15 rounds of ammunition. The agent acknowledged the commercial availability of extended magazines that have been modified with "blockers" to accept fewer than 15 rounds.[1] Nonetheless, the agent observed that he had never personally encountered such a modified magazine in California. The agent concluded that without a physical inspection of the firearm and magazine, he could not conclusively determine whether Lucas's magazine was equipped with such a blocker

---

[1] Some states, such as California, currently restrict magazine capacity by law, *see* Cal. Penal Code § 32310, and therefore such modified magazines are sometimes referred to as "California compliant" magazines.

or could have accepted more than 15 rounds at the time the photographs were taken.

The district court found that the government met its evidentiary burden to apply U.S.S.G. § 2K2.1(a)(4)(B). The district court held that even if Lucas had possessed a modified large capacity magazine, it was susceptible to easy conversion to remove the ammunition-limiting modification. Application of section 2K2.1(a)(4)(B) increased Lucas's advisory sentencing range from 33–41 months to 63–78 months. The district court ultimately sentenced Lucas to 57 months in prison.

II.

We requested oral argument to include whether Application Note 2 to U.S.S.G. § 2K2.1 unduly narrows U.S.S.G. § 2K2.1(a)(4)(B). Section 2K2.1(a)(4)(B) provides for a heightened base offense level if the criminal conduct involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." Application Note 2 defines such a firearm as one:

> that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

U.S.S.G. § 2K2.1 app. n.2. No party argued in its briefs or before the district court that Application Note 2 is inconsistent with U.S.S.G. § 2K2.1(a)(4)(B) or that U.S.S.G.

§ 2K2.1(a)(4)(B) is unambiguous so as to defeat resort to Application Note 2. Rather, the parties assumed that Application Note 2 applies. Therefore, we hold that any argument otherwise has been waived on appeal. *See Humane Soc. of U.S. v. Locke*, 626 F.3d 1040, 1054 n.8 (9th Cir. 2010); *cf. Lubow v. U.S. Dep't of State*, 783 F.3d 877, 884 (D.C. Cir. 2015) (holding that the court must "adhere to the parties' framing" and that parties "forfeit an argument against deference by failing to raise it"). We express no opinion on whether Application Note 2 is inconsistent with the Guideline or whether U.S.S.G. § 2K2.1(a)(4)(B) is ambiguous, nor do we express any opinion on whether the district court should address these issues on remand. Because these issues were waived, for the purposes of this appeal we apply Application Note 2.

III.

Lucas contends that the district court committed error in finding, by clear and convincing evidence, that his magazine could accept more than 15 rounds of ammunition at the time of the offense. We start with the government's burden of proof to establish this fact. The government usually must prove a fact underlying a sentencing enhancement by a preponderance of the evidence. *See United States v. Lonich*, 23 F.4th 881, 910 (9th Cir. 2022). However, our circuit has held that where the use of a sentencing enhancement has an "extremely disproportionate impact on the sentence," due process may require that facts underlying such an enhancement be proven by clear and convincing evidence. *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001); *see also Lonich*, 23 F.4th at 910. This rule was crafted before the Supreme Court altered the sentencing landscape in *United States v. Booker*, 543 U.S. 220 (2005), and this court stands alone in continuing to apply such a rule after *Booker*.

See *United States v. Pacheco*, 489 F.3d 40, 45 (1st Cir. 2007); *United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008); *United States v. Fisher*, 502 F.3d 293, 305 (3d Cir. 2007); *United States v. Grubbs*, 585 F.3d 793, 802 & n.5 (4th Cir. 2009); *United States v. Brika*, 487 F.3d 450, 461 (6th Cir. 2007); *United States v. Reuter*, 463 F.3d 792, 793 (7th Cir. 2006); *United States v. Villareal-Amarillas*, 562 F.3d 892, 897–98 (8th Cir. 2009); *United States v. Robertson*, 946 F.3d 1168, 1171–72 (10th Cir. 2020); *United States v. Siegelman*, 786 F.3d 1322, 1332 & n.12 (11th Cir. 2015); *cf. United States v. Simpson*, 741 F.3d 539, 559 (5th Cir. 2014) ("Though we have continued to leave this door open, we have never actually required a heightened burden for factual determinations at sentencing.").

The government asks us to hold that our circuit case law is clearly irreconcilable with subsequent Supreme Court precedent and urges us to adopt the rule followed in our sister circuits. However, our court has continuously applied this rule post-*Booker*, *see, e.g.*, *Lonich*, 23 F.4th at 910, and the government does not point to any intervening higher authority. As a three-judge panel, we are bound by our precedent. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (holding that a three-judge panel is bound by circuit precedent unless "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority").

The government concedes that if we do not hold our precedent as clearly irreconcilable with intervening Supreme Court authority, we should apply the clear-and-convincing-evidence standard here. Based on this concession, we assume without deciding that application of U.S.S.G. § 2K2.1(a)(4)(B) has an extremely disproportionate impact

on Lucas's sentence and that the government must prove the underlying facts by clear and convincing evidence.

## IV.

We emphasize that the following facts are undisputed: the firearm was physically capable of accepting a large capacity magazine, the magazine was in close proximity to Lucas's firearm, and the firearm itself was capable of firing many rounds without reloading. The only issue, therefore, is whether, at the time of the offense, Lucas's magazine "could accept more than 15 rounds of ammunition" under Application Note 2.

Based on the unique circumstances which are binding on us, we hold that the district court clearly erred in finding, by clear and convincing evidence, that Lucas's magazine could accept more than 15 rounds. To find a fact by clear and convincing evidence, a district judge must "have an abiding conviction that the truth of the factual contentions at issue is highly probable." *Lonich*, 23 F.4th at 916 (citation and internal quotation marks omitted). The government did not physically produce or inspect the firearm or the magazine. Without physical evidence, the government largely relied on its expert agent, who was, at most, equivocal. The agent acknowledged that without physical inspection, he could not conclusively state whether the magazine could in fact accept more than 15 rounds or whether it was instead modified to accept fewer. Nor did the agent explain the prevalence of any type of magazine in the community; he only relayed his personal experience with modified magazines. On this record, the district court's finding that the government established the capacity of Lucas's magazine by clear and convincing evidence was clear error. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is

Case: 22-50064, 06/15/2023, ID: 12736736, DktEntry: 38, Page 11 of 15

11 UNITED STATES V. LUCAS

clearly erroneous if it is illogical, implausible, or without support in the record.").

The district court held that even if Lucas's magazine could only accept fewer than 15 rounds because of a modification, such a magazine still satisfies Application Note 2 because the modification can potentially be removed. This conclusion is at odds with the plain text of Application Note 2.

As discussed above, Application Note 2 provides that a "semiautomatic firearm that is capable of accepting a large capacity magazine" is a firearm that "at the time of the offense" had attached to it, or was in close proximity to, "a magazine or similar device that could accept more than 15 rounds of ammunition." U.S.S.G. § 2K2.1 app. n.2. Key here is the phrase "at the time of the offense." By its plain terms, this modifier affects the subsections that follow it, which are in the past tense. *See United States v. Evans*, 958 F.3d 1102, 1108 (11th Cir. 2020) (holding that "[t]he phrase 'at the time of the offense' modifies the subparts that follow it"); *United States v. Davis*, 668 F.3d 576, 579 (8th Cir. 2012) (observing that the plain language of Application Note 2 "strongly suggests" that the phrase "at the time of the offense" modifies the conditions that immediately follow it). In other words, Application Note 2 is backward-looking and concerns the capabilities of the firearm and the magazine at the time of the offense—here, the time of the illegal possession. Under this interpretation, the government has the burden to prove, in relevant part, that Lucas possessed a firearm that, "at the time of the offense" and not at some time after the period of illegal possession, was in sufficient proximity to a magazine "that could accept more than 15 rounds of ammunition." U.S.S.G. § 2K2.1 app. n.2. Therefore, the ease with which one could remove a

modification to a magazine *after* the offense is irrelevant to the Guideline. As the government provided scant evidence that any potential modification to Lucas's magazine could have been removed *during* his illegal possession and when it was in close proximity to the firearm, the district court erred in concluding that the Guideline was met.**[2]**

For the reasons above, the district court improperly increased Lucas's base offense level under U.S.S.G. § 2K2.1(a)(4)(B). We reverse and remand for resentencing on an open record. At resentencing, the district court should address how much, if any, weight it assigns to the jail phone call that the government proffered at sentencing.

**REVERSED AND REMANDED.**

---

[2] In other circumstances, however, if the government presented sufficient evidence to establish that a blocker or other modification that limited a magazine to 15 or fewer rounds could be easily and quickly removed during the time of the offense, the ease of removing that modification could be relevant to the Guidelines calculation.

HURWITZ, Circuit Judge, dissenting:

If the issue for decision were simply whether Lucas's firearm met the definition in Application Note 2 to U.S.S.G. § 2K2.1(a)(4)(B), I would join the majority opinion. But the issue is instead whether the *Guideline* itself applies. An Application Note interpreting a Guideline is not authoritative if it "is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). "[I]f the Guideline and Application Note are inconsistent, the Guideline prevails." *United States v. Prien-Pinto*, 917 F.3d 1155, 1157 (9th Cir. 2019) (citing *Stinson*, 508 U.S. at 38). This is so both when a Note broadens the scope of a Guideline, *see United States v. Kirilyuk*, 29 F.4th 1128, 1137–39 (9th Cir. 2022), and when the Note narrows it, *see United States v. Lambert*, 498 F.3d 963, 971 (9th Cir. 2007). And, we must "disregard the interpretive gloss set forth in the guideline's commentary" absent ambiguity in the Guideline. *United States v. Castillo*, --- F.4th ---, No. 21-50054, 2023 WL 3732587, at *2 (9th Cir. May 31, 2023).

The relevant Guideline is not in the least ambiguous. It applies if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(B). The Application Note defines this phrase restrictively, as requiring that "(A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm." U.S.S.G. § 2K2.1 app. n.2. However, a firearm can plainly be "*capable* of accepting a large capacity magazine" even if that magazine is not attached to or in close proximity to the firearm at the

time of the offense. The Guideline focuses only on the capability of the firearm to accept a large capacity magazine, not the ability of the defendant to promptly insert one or immediately discharge ammunition from one. *See United States v. Flores*, 730 F. App'x 216, 219–20 (5th Cir. 2018) (Haynes, J., concurring).

Lucas only argued that a *magazine* (not offered in evidence) shown next to his Glock semiautomatic pistol in certain photographs could not, "at the time of the offense, accept more than 15 rounds of ammunitions." He has never contested the *firearm*'s capability to accept the requisite magazine. Indeed, his own expert confirmed that the pistol had this capability. The Guideline therefore allows the sentence enhancement.

The majority contends that the government waived the argument that the Application Note's restrictive language does not control because it never so argued below or on appeal, instead contending that an expert's testimony sufficiently established the capacity of the depicted magazine. But, waiver only occurs when a party "considered the controlling law . . . and, in spite of being aware of the applicable law, relinquished his right." *United States v. Depue*, 912 F.3d 1227, 1232–33 (9th Cir. 2019) (en banc) (cleaned up). Rather, the government failed to make a timely argument based on the difference between the Guideline and the Application Note; it has always asserted that the Guideline applies.

At most, the government's failure to make this argument below or in its response brief constituted forfeiture. *See id.* But, "[i]t is claims that are deemed waived or forfeited, not arguments." *Kirilyuk*, 29 F.4th at 1136 (cleaned up). In any event, we may overlook forfeiture, *Depue*, 912 F.3d at 1233,

and I would do so here. The parties were invited to address this issue at argument, and both did so at length. Neither sought to file a supplemental brief on the topic. And, no factual development of the record is needed. Because the Guideline—not the Application Note—clearly applies, I would affirm the district court's judgment.